Mr. Justice Thacher
delivered the opinion of the court.
Appeal from the circuit court of Hinds county.
The appellees recovered a judgment against Elias Vickers on the 9th day of February, 1842, and the appellants recovered a judgment against the same party on the 12th day of February, of the same year. On the 25th day of November following, the appellants sued out a writ of fieri facias upon their judgment, directed to the sheriff of Hinds county, and having indemnified him, caused a levy to be made upon two slaves, George and Isaac, the property of Vickers. On the 30th day of November, of the same year, the appellees likewise sued out a writ of fieri facias upon their judgment, directed to the sheriff of Hinds county, and on the 7th day of December following, indemnified him against the consequences of a levy. On the 5th day of December, both executions were levied at the same time upon the slaves George and Isaac. . On the 15th day of December, and while no disposition had been had upon their fieri facias, and levy already sued out and had, the appellees caused another writ oí fieri facias on their judgment to be issued, directed to the sheriff of Warren county, and to be levied upon a certain other slave, named John, the property of Vickers. Upon this execution, the sheriff of Warren county returned that the property had not been sold for want of time; and, thereupon, the appellees directed the sheriff of Warren county to release and relinquish the levy upon the slave John, choosing to rely upon the levy made by virtue of the fieri facias, in the hands of the sheriff of Hinds county. Upon the motion of the sheriff of Hinds county, the court below directed the proceeds of the sale of the property levied upon and sold to be appropriated to the execution of the appellees in preference to that of the appellants. Hence this appeal to this court.
This court has laid down the general rule, that when money is levied upon several executions, that is entitled to be first satisfied which issued upon the oldest judgment. Biggam v. Merrit, Walker’s R. 430; Lyn v. Gridley, Ibid. 547; Smith v. Pickett & Ship, 1 How. 237; Grand Gulf v. Henderson, 5 How. 294. The statute of this state, H. & H. 629, § 2, allows a judg *383 ment creditor to issue other executions, although one be already-taken out, provided the first be not returned and executed. By this statute executions may be issued to other counties, and as a consequence, may be waived or released by the judgment creditor, without affecting his judgment lien in favor of junior judgment creditors.
Judgment affirmed.